**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1024**

_____

AMAH FRANI EKUE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-905-448)

_____

Submitted: June 16, 2006                    Decided: July 5, 2006

_____

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, P.C., Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Jason S. Patil, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Amah Frani Ekue, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider a prior order affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Board denied the motion on the ground that it failed to "specify[] the errors of fact or law in the prior Board decision," as required by the controlling regulation, 8 C.F.R. § 1003.2(b)(1) (2006). However, on appeal, Ekue seeks to challenge only the immigration judge's original order denying relief, as affirmed by the Board.

Ekue may not contest in this appeal the Board's order affirming the decision of the immigration judge, as he did not file a timely petition for review from that order. A petitioner has thirty days to file a petition for review. See 8 U.S.C. § 1252(b)(1) (2000). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of a motion to reconsider does not toll the thirty-day period for seeking review of the underlying order. Id. at 394. Accordingly, because Ekue did not file a petition for review within thirty days of the Board's order affirming the immigration judge's denial of relief,

- 2 -

this court's review is limited to the Board's denial of the motion to reconsider, from which a timely petition for review <u>was</u> filed.

As Ekue makes no argument regarding that order, we conclude that he has abandoned all claims that could properly be raised in the appeal before us.  See <u>Yousefi v. INS</u>, 260 F.3d 318, 326 (4th Cir. 2001) (holding failure to challenge denial of withholding of removal and relief under Convention Against Torture in opening brief constitutes abandonment of those claims); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding failure to raise specific issue in opening brief constitutes abandonment of that issue under Fed. R. App. P. 28(a)(9)(A), requiring that argument section of opening brief contain contentions, reasoning, and authority).  Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>